UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LETIMEGO WILLIAMS,

    Plaintiff,

v.                                            Case No. 8:22-cv-0197-WFJ-SPF

KILOLO KIJAKAZI,
Acting Commissioner of the Social
Security Administration,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

    Before the Court is *pro se* Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs (Doc. 2), which the undersigned construes as a motion to proceed *in forma pauperis* under 28 U.S.C. § 1915. On February 2, 2022, the undersigned deferred ruling on Plaintiff's motion and ordered her to either supplement her complaint or show cause in writing by February 18, 2022, why the Court should not dismiss her case as untimely (Doc. 3). Plaintiff did not comply with the Court's Order, and the deadline to do so has passed. Upon consideration, the undersigned recommends that Plaintiff's motion be denied and her case dismissed.

    Plaintiff is indigent for the purposes of 28 U.S.C. § 1915 (*see* Doc. 2). But the Court must review the case and dismiss it *sua sponte* if it determines the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Dismissal for failure to state a claim in this context is governed by the same standard as dismissal under Rule 12(b)(6), Federal Rules of Civil Procedure. *Leonard v. F.B.I.*, 405 F.

App'x 386, 387 (11th Cir. 2010) (citing *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997)).

Here, Plaintiff has filed Pro Se Form 13, Complaint for Review of a Social Security Disability or Supplemental Security Income Decision (Doc. 1). In the "Basis for Jurisdiction" section of the form complaint, it asks, "When did you receive notice that the Commissioner's decision was final?" (Doc. 1 at 3). In response, Plaintiff lists: "April 5, 2021, February 12, 2021, and October 17, 2021." (*Id.*). Under the Social Security Act, a claimant may only proceed in the district court if her civil action is "commenced within sixty days after the mailing to [her] of notice" of "any final decision of the Commissioner of Social Security made after a hearing to which [she] was a party" or "with such further time as the Commissioner of Social Security may allow." 42 U.S.C. § 405(g); *see also Bowen v. City of New York*, 476 U.S. 467, 478-79 (1986) (concluding that the 60-day time period is not jurisdictional but is instead a statute of limitations that operates as a waiver of sovereign immunity).

Plaintiff filed her Complaint on January 24, 2022 – more than 60 days after the last date Plaintiff claims to have received notice of the Commissioner's final decision. Plaintiff does not attach a copy of the Commissioner's final decision or a copy of the notice she received from the Appeals Council denying her appeal. Additionally, in the "Parties to This Complaint" section of the form complaint, Plaintiff has not filled in her name and contact information, and she lists "Mr. Sharp" as the Defendant rather than the Commissioner of the Social Security Administration, Kilolo Kijakazi (Doc. 1 at 1-2).

Upon consideration the undersigned RECOMMENDS:

(1) Plaintiff's motion to proceed in forma pauperis (Doc. 2) be DENIED;

(2) Plaintiff's case be dismissed; and

(3) The Clerk of Court be directed to close the case.

**ORDERED** in Tampa, Florida, on February 28, 2022.

_____
SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.